**In re Elwood Dean FRENCH, Debtor.**

**No. 00–15680–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

March 21, 2001.

Jeffrey Leasure, Ft. Myers, Florida, for debtor.

Diane L. Jensen, Ft. Myers, Florida, Chapter 7 Trustee.

John B. Robins, IV, Salisbury, MD, Kempton P. Logan, Ft. Myers, Florida, for Peninsula Bank.

Bruce L. Hoster, Laurel, DE, pro se.

Doris M. Hoster, Laurel, DE, pro se.

Adkins, Potts & Smethurst, LLP, Raymond S. Smethurst, Jr., Salisbury, MD, for creditor.

Assistant United States Trustee, Tampa, Florida.

### ORDER ON MOTIONS TO TRANSFER CASE (Doc. # 's 5, 8, 9)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

ELWOOD DEAN FRENCH (Debtor) filed his Petition for Relief under Chapter

7 in this District on October 10, 2000. The Notice of the Section 341 Meeting was mailed out on October 16, 2000 notifying the creditors of the filing. The Notice immediately triggered a flurry of activity by creditors who learned to their chagrin that the Debtor tried to escape from the clutches of his creditors by filing his bankruptcy in Florida.

The first challenge to the Debtor's right to file in this District was launched by Peninsula Bank, which filed a Motion to Transfer the Debtor's case to the Bankruptcy Court to the District of Maryland on November 8, 2000. The Motion of Peninsula Bank was followed by a Motion to Transfer Case filed by Bruce L. Hoster (Hoster) on November 15, 2000, and an identical Motion by Doris M. Hoster (Mrs. Hoster) on the same date. After a short pause, on January 16, 2001, Adkins, Potts & Smethurst LLP (Adkins Potts) filed a Motion to Join in the Motion to Transfer first filed by the Peninsula Bank and on the same date Phillip A. Franklin and Barbara J. Franklin (Franklins) filed an identical Motion.

The lead Motion, filed by the Peninsula Bank alleged, *inter alia*, that on the date of filing and during the preceding 180 days, the Debtor was a resident of the State of Maryland; that an overwhelming number of his creditors reside in Maryland; that the Debtor has no creditors who reside in Florida; and that on October 20, 2000, Peninsula Bank filed an involuntary Chapter 7 case against Betty L. French, the Debtor's wife, in the Bankruptcy Court for the District of Maryland (Northern Division). Based on the foregoing, pursuant to 28 U.S.C. § 1412, Peninsula Bank sought the transfer of Debtor's case in the interest of justice and for the convenience of the parties and witnesses, and so that the Debtor's case can be jointly administered with the Chapter 7 case of his wife.

The Motions of Mr. and Mrs. Hoster adopt the allegation of Peninsula Bank but also allege that they already filed an adversary proceeding against the Debtor, Adv. Pro. No. 00–405, and they will not be able to prosecute the adversary proceeding in this District. First, because they could not afford to litigate here, but also because their witnesses necessary to prove their case all reside more than 100 miles from Ft. Myers, the location of the Bankruptcy Court, thus they will not be subject to any subpoena issued by this Court.

The Motions of Adkins Potts and the Franklins adopt the allegations of the Peninsula Bank and also of the Hosters referring to the difficulty and the expenses involved in the litigation and their respective claims against Debtor.

At this point it also should be noted that each of the parties seeking the transfer already filed their respective adversary proceedings challenging the Debtor's right to the general discharge.

In order to facilitate to try the issues raised by the Motions under consideration, the parties filed a set of Stipulated Facts at the commencement of the presentation of the evidence. In due course, all these Motions were scheduled for final evidentiary hearing. The following facts as established by the stipulated facts and the entire record relevant to the Motions under consideration are as follows.

The Debtor was born in Wicomico County, Maryland in 1932 and was a resident of Maryland for 67 years. He obtained his formal education in Maryland and worked during his adult life in Maryland. In addition, he was involved in several business enterprises as a principal operate. He swore before a notary and signed an Affidavit that he was a partner in Ellee Partnership (Exh. 41), I & L Partnership executing a Release of Mortgage for Joseph

C. Truitt, III (Exh. 54), and he endorsed and negotiated as "Agent" for L & E Partnership, a check payable to L & E Partnership (Exh. 16). Furthermore, since March 10, 1998, Debtor executed various deeds and mortgage releases as "Partner" or "General Partner" of L & E Partnership (Exh. 18–21). None of these entities ever conducted any business in Florida. Excepting the Cape Coral residence and the household contents thereof, substantially all of the Debtor's assets are located in Maryland. Debtor holds interests in three parcels of real property, several motor vehicles, innumerable Maryland partnerships, and stock in several Maryland corporations.

Besides the partnerships already mentioned above, Debtor was involved with corporate entities including the following: A & E Partnership, B & I Partnership, RLF Partnership, JRT Partnership, F & F Partnership, Randea, Inc., West Side Group, Inc., Chesapeake Group, Inc., EDF Financing Corp., EDF, Inc., New Cherokee Lanes, Inc., Finance Funding, and Penn Company. These entities were involved with providing secured loans. For West Side Group, Inc., a mortgage lender, Debtor signed the Articles of Incorporation, and filed them with the Department of Assessments and Taxation of Maryland in January 2000. He represented his address to be R.D. 4, Box 138, Bridgeville, Delaware 19933; and designated himself as the Maryland resident agent.

Debtor was the only member of F & F Partnership. Debtor appeared before a notary as "Authorized Agent" on behalf of Chesapeake Group, Inc. when executing Releases of Mortgage. Debtor executed documents as "President" for New Cherokee Lanes, Inc., EDF Financing Corp., and EDF, Inc.; and as "General Partner" on behalf of Penn Company and A & E Partnership, both Maryland Partnerships.

The only entity with any connection to the State of Florida is Randea, Inc., a Florida corporation, of which Debtor is President. Debtor caused Articles of Incorporation to be prepared for Randea, Inc., and to be filed with the Florida Department of State on January 11, 1999. Upon its formation the Debtor became its President but claims to have resigned in May 2000. The Debtor was also one of the stockholders in the corporation. According to the Debtor's Statement of Financial Affairs, Elwood Dean French transferred in May, 2000 51% of the stock in Randea, Inc., to his son, Randy L. French, and 49% of the stock in Randea, Inc., to JRT Partnership. It appears that Randea, Inc., was incorporated for the purpose of acquiring ownership of a residential home located in Cape Coral, Florida. This residence was ultimately transferred to the Debtor who is now claiming the property as exempt under the homestead exemption provided for by the Florida Constitution, Article X, § 4. It appears that Randea, Inc., was involved in buying and selling real estate, in addition to the business of lending money in Maryland.

The Debtor is married but claims he and his wife are separated. His wife, Betty Irene French, still lives in Maryland and is a Debtor in an Involuntary Chapter 7 case filed against her on January 29, 2001, in the U.S. Bankruptcy Court for the District of Maryland.

The Debtor did engage the services of attorneys in Maryland in connection with the various and sundry businesses and maintained an office as late as October 6, 2000 in Bridgeville, Delaware. However, when confronted, the Debtor claimed that the office was not his but that of his wife. He has been seen on several occasions in Maryland and in Delaware. He was seen at his Maryland residence located at 3999

Greenhill Church Road in Quantico on October, 6, 2000.

It appears that the Sheriff appointed a process server who attempted to serve the Debtor with summons several times between May 20th and June 3rd 2000 without success. When attempting to serve the Debtor at the address furnished to him, the process server was informed by a female occupant that she is renting the property from a real estate company, and the Debtor did not live there. On October 25, 2000, the Debtor, when deposed stated that his residence is Greenhill Church Road, Quantico, Maryland, and he had no residence in Florida. While the Debtor concedes that these answers were true, they had to be qualified because he does claim to have a life estate in the Cape Coral Home.

Between March 9th 2000 and March 20th, the Debtor was and still is using the Post Office Box 606 in Salisbury, Maryland which he also used as his return address. Between March 3rd 2000 and the end of May, the Debtor appeared before the courts in Delaware and informed the Court that his address was the Bridgeville, Delaware address. He also attended a settlement of a real estate transaction in connection with the Westside Group transaction. The Debtor is currently involved as Plaintiff in a suit filed by him in Circuit Court for Wicomico County against one Bill Athes and is represented by counsel in that suit.

Debtor has used the following addresses during the year 2000 as residential and business addresses:

1. 700 East Main St., Salisbury, Maryland 21801

2. P.O. Box N7120, Nassau, Bahamas

3. Rd 4, Box 138, Bridgeville, Delaware

4. P.O. Box 606, Salisbury, Maryland 21801

5. P.O. Box 157, Hebron, Maryland 21830

6. 3999 Green Hill Church Road, Quantico, Maryland 21803

7. Rt. 13 and Stein Highway, Seaford, Delaware 19973

8. 2600 Overseas Highway, Marathon Florida

9. 51061 Overseas Highway, Marathon Florida

10. 5121 SW 19th Ave., Cape Coral, Florida 33914

11. P.O. Box 852 Salisbury, Maryland

12. P.O. Box 133, Quantico, Maryland 21856

This Court finds that Debtor has established indicia of permanence in Florida. Debtor's exhibits admitted into evidence include Debtor's 1999 tax return filed in Florida, his most recent bank statement with the Cape Coral address, Voter registration card registered in Florida, January 2000, his Florida driver's license issued February 11, 1999, Debtor's business card indicating he works as a Sales Representative at Solid Surface Systems, Inc. in Cape Coral, his 2000 membership card from Araba Temple (Shrine Temple of Fort Myers), and his Social Security check with Cape Coral address.

Notwithstanding the indicia of permanent residence in Florida established by the Defendant, this Court finds that pursuant to 28 U.S.C. § 1412, and Rule 1014 of the Bankruptcy Rules of Procedure, it is in the best interest of justice and the convenience of the parties to transfer the above-referenced case to the U.S. Bankruptcy Court for the District of Maryland. Ninety percent of the relevant activities, facts and witnesses of this case are in Maryland. His wife is a Debtor in an Involuntary Chapter 7 case filed in the U.S. Bankruptcy Court for the District of Maryland. All of the adversary proceedings filed in this

case objecting to the discharge of the Debtor have been by Maryland and Delaware individuals or entities. There are no adversary proceedings initiated by a Florida resident or entity. Consequently, all of the fact witnesses needed for these cases are located in Maryland and Delaware.

All financial records of the Debtor, partnerships, and corporate entities are located in Maryland; none are in Florida. All sources of proof, documentary and testimonial, are located in the Maryland–Delaware area. It would not be easy or inexpensive to access these sources of proof for the Trustee in Florida.

To require the Debtor to periodically appear in the Maryland venue would not require him to make a journey that he does not make routinely anyway, and it would not impose a severe cost burden. By comparison, if venue is not transferred to Maryland, it would be a financial hardship on several of the creditors to pursue their claims against the Debtor.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motions to Transfer Case to the Bankruptcy Court for the District of Maryland (Northern Division) filed by Peninsula Bank (Doc. # 5), Bruce L. Hoster (Doc. # 8), and Doris M. Hoster (Doc. # 9), joined by Adkins, Potts & Smethurst, LLP and Philip A. Franklin and Barbara J. Franklin be, and the same are hereby, granted.